IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 10-00306-KD-C |
| | ) |
| JOHN JEFFREY ERVIN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant John Jeffrey Ervin's motion for early termination of supervised release (doc. 33). The United States was given an opportunity to respond but did not (doc. 34). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED.**[1] Accordingly, Ervin is discharged from supervision.

In 2011, Ervin pled guilty to the offenses of possession with intent to distribute cocaine (Count One) and using, carrying, or possessing a firearm in furtherance of and in relation to a drug trafficking crime (Count Three). He was sentenced to a total term of 120 months, consisting of 60 months for Count One and 60 months, consecutive, for Count Three. He was released September 20, 2019 and has completed almost 3½ years of his 4-year term of supervision.

As grounds for his motion for early termination, Ervin relies upon his compliance with all conditions of supervision and that he has "not been in any trouble" or given his Probation Officer "any problems." Ervin reports that he completed a refresher course in welding, obtained his

---

[1] A hearing is not required. See Fed. R. Crim. P. 32.1(c)(2)(C) ("A hearing is not required if: … an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.").

Commercial Driver's License, and maintained continuous employment since his release.

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).

Ervin has met the statutory requirement that he serve at least one year of supervision. Therefore, the Court considers the relevant factors in 18 U.S.C. § 3553(a) to determine whether his conduct and the interests of justice warrant early termination. Specifically, the Court has considered the "nature and circumstances" of Ervin's offense and his "history and characteristics", 18 U.S.C. § 3553(a)(1), as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense", to "afford adequate deterrence to criminal conduct", and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

As to Ervin's conduct during supervision, his supervising Probation Officer reports that Ervin has been in compliance, is currently on low supervision which does not restrict his daily life, has received permission upon notice to drive long haul trucks across the country, and maintains constant communication with his Probation Officer.  However, his Probation Officer opposes early termination due to the nature of the charges and the offense conduct.

Upon consideration of the foregoing, the Court finds that early termination would serve the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "to afford adequate

deterrence to criminal conduct" 18 U.S.C. § 3553(a)(2)(A) and (B).  The Court specifically acknowledges that Ervin has complied with all conditions of supervision and maintained steady employment as a truck driver.  The Court also acknowledges the offense conduct and the nature of the offense but also that Ervin had no history of criminal conduct prior to the offenses and has been compliant with all conditions of supervision since his release from prison and is currently supervised without issues.

Accordingly, the Court is satisfied that early termination would serve the interests of justice and that Ervin's present conduct warrants early termination. 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** on this the 10th day of January 2023.

>s / Kristi K. DuBose
>**KRISTI K. DuBOSE**
>**UNITED STATES DISTRICT JUDGE**